IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00420-LTB-01

UNITED STATES OF AMERICA,

 Plaintiff,

v.

LUIS ENRIQUE MOY

 Defendant.

---

ORDER

---

  Defendant Luis Enrique Moy currently is detained at the El Paso Detention Center (ICE Facility) in El Paso, Texas.   Defendant claims that he has served thirty-month sentence imposed by this Court and now is subject to a deportation proceeding. Defendant asks that he be allowed to file *pro se* in this Court the necessary documents to challenge his deportation, because the immigration law judge overseeing his immigration case stated that he may have a "small chance" of staying in this country. ECF No. 55 at 1.

  Because Defendant is *pro se*, the Court must construe his request liberally.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will deny Defendant's request.

  Under the Real ID Act, petitions for review filed with the court of appeals are "the sole and exclusive means" of review of most administrative orders of removal,

deportation, or exclusion.   8 U.S.C. § 1252(a)(5).   The statute defines "order of removal" as an administrative order concluding that an alien is removable or ordering removal.   8 U.S.C. § 1101(a)(47)(A).   Accordingly, if Defendant is subject to a removal order the Court lacks subject matter jurisdiction to consider any challenges to the removal order.

The Real ID Act, however, did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention. 8 U.S.C. § 1252(a)(1).   Nonetheless, any challenge specific to Defendant's detention is more properly presented in a 28 U.S.C. § 2241 action and not in Defendant's criminal case.   Defendant is instructed that a § 2241 action is filed in the federal district court that is located where Defendant is detained. Accordingly, it is

ORDERED that Defendant's request for this Court to assist him with "fighting" his deportation proceedings, ECF No. 55 at 1, is improperly filed in this criminal case or in a federal district court and is denied.

DATED at Denver, Colorado, this   16th    day of    November       , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court